UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL CANNON,   Case No. 09-14058

    Plaintiff,   Paul D. Borman
vs.   United States District Judge

FRANK BERNSTEIN, *et al*.,   Michael Hluchaniuk
                                                                                                                    United States Magistrate Judge

    Defendants.
_____/

# REPORT AND RECOMMENDATION
# MOTION TO DISMISS (Dkt. 13)

## I.    PROCEDURAL HISTORY

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections (MDOC) filed this civil rights action on October 14, 2009. (Dkt. 1). Defendants are employees of the Standish Correctional Facility, where plaintiff was housed at the time of some of the events described in his complaint. *Id*. This matter was referred to the undersigned for all pretrial proceedings by District Judge Paul D. Borman. (Dkt. 7).

On February 4, 2010, defendants filed a motion to dismiss plaintiff's complaint. (Dkt. 13). Plaintiff filed a response on March 26, 2010. (Dkt. 15). Defendants filed a reply on April 6, 2010. (Dkt. 16). Plaintiff filed a supplemental brief with exhibits on June 7, 2010. (Dkt. 17). This matter is now ready for report

and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **DENIED**.

## II. FACTUAL BACKGROUND

Pursuant to a notice of intent, plaintiff and two other prisoners were placed in administrative segregation while at the Thumb Correctional Facility on December 24, 2008, while an attempt to escape the facility was investigated. (Dkt. 1). The three prisoners were transferred to the Standish Correctional Facility on December 29, 2008. Plaintiff claims that the disciplinary report prepared by defendant Frank Bernstein falsely alleged that evidence linked plaintiff to the attempt to escape. Plaintiff alleges that Bernstein submitted additional false reports, hid exculpatory evidence, and intimidated witnesses into not making statements. As a result of the disciplinary report, plaintiff was kept in disciplinary confinement pending the outcome of a hearing.

Plaintiff alleges that defendant Conachan, the hearings investigator, intentionally helped to conceal exculpatory evidence, failed to collect statements from material witnesses, and refused to present plaintiff's material questions from key witnesses. Plaintiff alleges that defendant Peiffer forged and falsified information in the report, which resulted in an unlawful disciplinary proceeding.

Plaintiff also alleges that, defendant Szappan, the hearings officer,[1] found him guilty of the charged offense of escaping, in spite of the "irrefutable proof" that the allegations were false. Plaintiff accuses Szappan of knowingly using false evidence to support a guilty finding. Plaintiff also accuses Szappan of being biased because he was a "party to the fraud" that denied plaintiff procedural due process. Finally plaintiff claims that he was denied the due process because he was not allowed the opportunity to defend himself at the hearing. (Dkt. 1).

Plaintiff seeks injunctive and declaratory relief along with compensatory and punitive damages. He requests the dismissal of the disciplinary report and a release from disciplinary confinement. Plaintiff also asks that all reports and information regarding this incident be expunged from his institutional file. *Id*.

### III. ANALYSIS AND CONCLUSIONS

#### A. Standard of Review

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that

---

[1] Claims against hearing officers are directed to actions (or failures to act) taken in their capacities as official hearing officers for the state of Michigan. As such, they enjoy absolute judicial immunity from a § 1983 civil rights suit seeking monetary damages or injunctive relief. *See Shelly v. Johnson*, 849 F.2d 228 (6th Cir.1988) (*per curiam*). They are not, however, immune from declaratory relief. *Cromer v. Braman*, 2008 WL 907468, *4 (W.D. Mich. 2008). Defendants' motion did not address the extent to which defendant Szappan may be immune from plaintiff's claims. Given that plaintiff did not have an opportunity to address this issue, the undersigned declines to address it *sua sponte*.

had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing, *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting, *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit noted that "[e]xactly how implausible is 'implausible' remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie*, *2.

Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See e.g. Simmons v.*

4

Report and Recommendation
Motion to Dismiss
*Cannon v. Bernstein*; Case No. 09-14058

*Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

B. <u>Due Process</u>

Defendants argue that plaintiff's due process claim must fail as a matter of law because plaintiff asks this Court to act as an appellate body for prisoner discipline hearing, contrary to *Shelly v. Johnson*, 684 F. Supp. 941, 945 (W.D. Mich. 1987), aff'd, 849 F.2d 228 (6th Cir. 1988). In *Shelly*, the Court held that it is not the role of the federal court to act as an appellate body for decisions in prisoner discipline hearings. *Shelly* is easily distinguished from the present circumstances in several significant ways. First, *Shelly* involved a motion for summary judgment, not a motion to dismiss. Second, the case on which the *Shelly* Court relied for its holding that federal courts do not act as appellate bodies for prisoner misconduct hearings, *Wood v. Strickland*, 420 U.S. 308, 326 (1975), stands for the proposition that the Civil Rights Act was not intended to be a vehicle for federal court

correction of errors in the exercise of school officials' discretion that do not rise to the level of violations specific constitutional guarantees. Applying *Wood* here merely begs the question: does plaintiff allege violations of specific constitutional guarantees?

The undersigned concludes that plaintiff has sufficiently alleged that substantive due process[2] violations occurred during the misconduct hearing at issue. It is well-established that offering false evidence or perjured testimony in a misconduct hearing against a prisoner can sustain a substantive due process claim. *See e.g. Chancellor v. City of Detroit*, 454 F.Supp.2d 645, 659 (E.D. Mich. 2006) (Noting that the Supreme Court held in *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), that "'perjured testimony knowingly used by the state authorities to sustain [defendant's] conviction' and 'deliberate suppression by these same authorities of evidence favorable to him' violates the Constitution."); *Robinson v. Unknown Schertz*, 2007 WL 4454293, *1 (W.D. Mich. 2007) (The plaintiff stated a substantive due process claim by alleging that the defendant attempted to frame

---

[2] To establish a substantive due process claim, plaintiff must show that defendants "possessed a purpose to cause harm, such that their actions were sufficiently arbitrary and reckless that they shock the conscience." *Draw v. City of Lincoln Park*, 491 F.3d 550, 555 (6th Cir. 2007), citing, *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Even otherwise impermissible "conduct must truly be extraordinary in nature to qualify as 'conscience shocking.'" *Draw*, 491 F.3d at 550. As the Supreme Court held, "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Id.*, quoting, *Lewis*, 523 U.S. at 848.

him by filing a false misconduct report where the plaintiff also alleged that the false charges subjected him to the possibility of loss of liberty through segregation and loss of good-time credits); *Scott v. Churchill*, 377 F.3d 565 (6th Cir. 2004) (providing false testimony against a prisoner violated substantive due process); *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988) (The Court concluded that the plaintiff's allegations-that the defendants maliciously framed him for an offense, thereby subjecting him to a risk of prolonged incarceration resulting from the loss of good-time credits-demonstrated an egregious abuse of governmental power sufficient to support a substantive due process violation."). While the undersigned offers no opinions regarding the veracity of plaintiff's allegations, defendants' assertion that plaintiff's substantive due process claim should be dismissed based on *Shelly* is without merit.

Defendants also argue that plaintiff failed to allege a deprivation of his due process rights and failed to allege the inadequacy of state procedures to protect those rights based on *Parratt v. Taylor*, 451 U.S. 527 (1981). According to defendants, Michigan's statutory procedures governing misconduct hearings go beyond the requirements of due process by providing prisoners with an effective remedy for review of their misconduct proceedings. *Branham v. Spurgis*, 720 F.Supp.605 (W.D. Mich. 1989). Again, however, defendants' argument misses the mark. Plaintiff brings a claim of substantive due process, not procedural due

process. The *Parratt* doctrine simply does not apply to a claim of substantive due process. *Wilson v. Beebe*, 770 F.2d 5789, 585-586 (6th Cir. 1985); *see also Scott v. Kilcherman*, 1997 WL 589268, *1 (6th Cir. 1997). Thus, *Parratt* does not provide a basis for dismissing plaintiff's complaint.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 14, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 14, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Christine M. Campbell and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Samuel Cannon #208773, BELLAMY CREEK CORRECTIONAL FACILITY, 1727 W. Bluewater Highway, Ionia, MI 48846.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov