UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL CANNON,

    Plaintiff,

                                  Case No. 09-cv-14058

                                  Paul D. Borman
v.                             United States District Judge

                                  Michael Hluchaniuk
                                  United States Magistrate Judge

FRANK BERNSTEIN, *et al.*,

    Defendants.

_____/

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (DKT. NO. 19);
(2) DENYING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (DKT. NO. 20); AND
(3) DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 13)

Before the Court are Defendants' Objections (Dkt. No. 20) to the Magistrate Judge's Report and Recommendation (Dkt. No. 19). Plaintiff did not file a response to Defendants' objections. The Court reviews *de novo* those portions of the Report and Recommendation to which a specific objection has been filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having considered the entire record and having reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court ADOPTS the Report and Recommendation, DENIES Defendants' objections and DENIES Defendants' motion to dismiss.

Defendants raise two objections to Magistrate Judge Hluchaniuk's Report and Recommendation:

1

**Objection 1:** The Magistrate's conclusion that Plaintiff stated a substantive due process claim is erroneous under the facts on this record.

**Objection 2:** The Magistrate erred in concluding that Plaintiff did not bring a procedural due process claim.

**ANALYSIS**

**Objection No. 2**

Addressing Defendants' objections in reverse order, the Court first finds that the Magistrate Judge correctly concluded that Plaintiff has raised a substantive, distinct from a procedural, due process claim. Although not clearly pled as such, Plaintiff's *pro se* Complaint does claim that Plaintiff "was denied both substantial and procedural due process." (Dkt. No. 1, Compl. p. 3-E.) Plaintiff's response to Defendants' motion to dismiss clearly sets forth Plaintiff's intent to assert a substantive due process claim, separate and apart from his procedural due process claim. (Pl.'s Answer to Defs.' Mot. to Dismiss, Dkt. No. 15, 11, 15.) Indulgently reading Plaintiff's *pro se* Complaint as required by *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), the Magistrate Judge correctly concluded that Plaintiff has pled a substantive due process claim.

The Magistrate Judge also appropriately relied on *Wilson v. Beebe*, 770 F.2d 578, 585-586 (6th Cir. 1985), and cited to *Scott v. Kilcherman*, 124 F.3d 199, 1997 WL 589268 at *1 (6th Cir. 1997) (unpublished), to support his conclusion that the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), which governs claims of alleged deprivations of procedural due process, does not apply to Plaintiff's substantive due process claim. If Plaintiff were raising only a procedural due process claim, Defendants may be correct in arguing that he would have received all the process he was due by virtue of his administrative hearing and appeal to the circuit court. *See Branham v.*

*Sturgis*, 720 F. Supp. 605 (W.D. Mich. 1989). Had this been the case, his claims arguably would have been foreclosed by *Parratt*. However, Plaintiff claims also that he was deprived of substantive due process, alleging that Defendants' conduct amounts to an egregious abuse of governmental power, a claim "to which the *Parratt* doctrine does not apply." *Kilcherman*, 1997 WL 589268 at * 1. The Court finds that the Magistrate Judge correctly concluded that *Parratt* does not provide a basis for dismissing Plaintiff's Complaint.

**Objection No. 1**

Addressing Defendants' contention that the Magistrate Judge erroneously concluded that Plaintiff stated a substantive due process claim on the facts as pled in his Complaint, the Court finds that the Magistrate Judge appropriately relied on *Scott v. Churchill,* 377 F.3d 565 (6th Cir. 2004), *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988), overruled on other grounds by *Thaddeus-X v. Blatter,* 175 F.3d 378 (6th Cir. 1999) and *Robinson v. Unknown Schertz*, No. 07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007), to conclude that Plaintiff, who has alleged that named witnesses will support his allegation that false evidence was presented at his misconduct hearing, that documents were forged, and that the hearing officers themselves were parties to the fraud, all of which resulted in Plaintiff spending in excess of 15 months in administrative segregation, has stated a plausible substantive due process claim. (Pl.'s Answer to Defs.' Mot. to Dismiss, Dkt. No. 15, 9-15.) This Court agrees with Magistrate Judge Hluchaniuk that Plaintiff's *pro se* Complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The court in *Cale* discussed the "egregious abuse of governmental power" or "shocks the conscience" test and concluded that "the plaintiff's allegations-that the defendants maliciously

framed him for an offense, thereby subjecting him to a risk of prolonged incarceration resulting from the loss of good-time credits-demonstrated an egregious abuse of governmental power sufficient to support a substantive due process violation." *Cale*, 861 F.2d at 950. Employing this same analysis, the court in *Robinson* similarly concluded:

> In this case, Plaintiff alleges that Defendant Schertz attempted to frame him by filing a false misconduct report alleging that Plaintiff ripped the suicide prevention blanket while he was in the cell. Plaintiff further alleges that Defendant Schertz was overheard saying that he intended to teach Plaintiff a lesson to make him think next time before playing "the suicide game." The Court concludes that these allegations are sufficient under *Cale* to give rise to a substantive due process claim, especially because Plaintiff alleges that the false charges subjected him to the possibility of loss of liberty through segregation and loss of good-time credits. The fact that Plaintiff did not engage in protective conduct is of no moment, because the act of framing an inmate and creating the potential for administrative segregation or loss of good-time credits is sufficiently egregious to support a substantive due process claim.

2007 WL at * 2. Plaintiff in the instant case states a similar claim. Plaintiff claims, and not just in conclusory fashion, that false reports were submitted, documents were forged, exculpatory evidence was hidden, witnesses were intimidated and hearing officers were complicit in the fraud, resulting in Plaintiff's extended placement in administrative segregation. Whether Plaintiff's claims ultimately will survive a motion for summary judgment is a question for another day and the Magistrate Judge expressly "offer[ed] no opinions on the veracity of plaintiff's allegations." (Report & Recommendation, Dkt. No. 19, 7.)

Defendants insist that: "The law is clear, then, that even where a prisoner has alleged facts to state a substantive due process claim based on issuing an allegedly 'false' misconduct charge, if the prisoner receives a fair misconduct hearing, the substantive due process claim fails." (Defs.' Objs. 7.) This is not a full and fair characterization of the law. In support of this statement, Defendants cite to a number of cases which either (1) involve claims of procedural due process

4

deprivations which are inapt or (2) analyze a substantive due process claim (and notably most often on summary judgment) but conclude that the alleged conduct in that particular case simply did not meet the "egregious abuse of governmental power" or "shocks the conscience" test. In the latter category of cases, the substantive due process claim was not defeated by some inherent fairness of the administrative process but by the absence of egregious or shocking conduct. In the context of Plaintiff's claims, the "fairness" of the hearing is irrelevant, and *Parratt* has no place, because a substantive due process claim attacks official acts "which 'may not take place no matter what procedural protections accompany them.'" *Wilson*, 770 F.2d at 586 (quoting *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194, 3208 n. 4 (1984)). Plaintiff's Complaint, as discussed above, alleges more than simply a "false misconduct charge," and plausibly suggests a substantive due process claim. None of the cases relied upon by Defendants compels this Court to reach a contrary conclusion.

**CONCLUSION**

For the reasons stated above, the Court:

(1) ADOPTS the Magistrate Judge's July 14, 2010 Report and Recommendation (Dkt. No. 19);
(2) DENIES Defendants' Objections to the Report and Recommendation (Dkt. No. 20); and
(3) DENIES Defendants' Motion to Dismiss (Dkt. No. 13.)

IT IS SO ORDERED.

Dated: September 27, 2010

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 27, 2010.

                                                S/Denise Goodine
                                                Case Manager