UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL CANNON,                                     Case No. 09-14058

        Plaintiff,                             Paul D. Borman
v.                                                 United States District Judge

FRANK BERNSTEIN, *et al*,                          Michael Hluchaniuk
                                                   United States Magistrate Judge
        Defendants.
_____/

# REPORT AND RECOMMENDATION
# MOTION FOR SUMMARY JUDGMENT (Dkt. 50)

## I.    PROCEDURAL HISTORY

Plaintiff filed his complaint on October 14, 2009.  (Dkt. 1).  Defendants filed a motion to dismiss, which was ultimately denied.  (Dkt. 19, 24).  Defendants filed a motion for summary judgment, which was terminated pending appointment of counsel.  (Dkt. 46).  A second motion for summary judgment was filed on November 9, 2012.  (Dkt. 50).  The parties entered into a stipulated protective order regarding a videotape exhibit, without prejudice to plaintiff's right to object. (Dkt. 51).  Plaintiff filed an objection, which was subsequently resolved via stipulation and order.  (Dkt. 57).  Plaintiff filed the response to the motion for summary judgment on February 11, 2013 and defendants filed a reply on February 25, 2013.  (Dkt. 59, 60).  Notably, this motion was filed prior to the parties having

an opportunity to conduct discovery.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED IN PART** and **DENIED IN PART**. Specifically, defendant Szappan should be **DISMISSED** from this case entirely and any claims for money damages against the remaining defendants in their official capacities should also be **DISMISSED**. The undersigned finds material questions of fact as to the remaining issues raised in defendants' motion for summary judgment.

## II. FACTUAL BACKGROUND

According to plaintiff's complaint, pursuant to a notice of intent, plaintiff and two other prisoners were placed in administrative segregation while at the Thumb Correctional Facility on December 24, 2008, while an attempt to escape the facility was investigated. (Dkt. 1). The three prisoners were transferred to the Standish Correctional Facility on December 29, 2008. Plaintiff claims that the disciplinary report prepared by defendant Frank Bernstein falsely alleged that evidence linked plaintiff to the attempt to escape. Plaintiff alleges that Bernstein submitted additional false reports, hid exculpatory evidence, and intimidated witnesses into not making statements. As a result of the disciplinary report, plaintiff was kept in disciplinary confinement pending the outcome of a hearing.

Plaintiff alleges that defendant Conachan, the hearings investigator,

intentionally helped to conceal exculpatory evidence, failed to collect statements from material witnesses, and refused to present plaintiff's material questions from key witnesses. Plaintiff alleges that defendant Peiffer forged and falsified information in the report, which resulted in an unlawful disciplinary proceeding. Plaintiff also alleges that, defendant Szappan, the hearings officer, found him guilty of the charged offense of escaping, in spite of the "irrefutable proof" that the allegations were false. Plaintiff accuses Szappan of knowingly using false evidence to support a guilty finding. Plaintiff also accuses Szappan of being biased because he was a "party to the fraud" that denied plaintiff procedural due process. Finally plaintiff claims that he was denied the due process because he was not allowed the opportunity to defend himself at the hearing. (Dkt. 1).

Plaintiff seeks injunctive and declaratory relief along with compensatory and punitive damages. He requests the dismissal of the disciplinary report and a release from disciplinary confinement. Plaintiff also asks that all reports and information regarding this incident be expunged from his institutional file. *Id.*

### III. ANALYSIS AND CONCLUSIONS

#### A. Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Community Health*

*Partners of Ohio*, *Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations, admission, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party

cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1).[1]

      B.    <u>*Scott v. Harris*/Substantive Due Process</u>

As defendants acknowledge, it is well-established that offering false evidence or perjured testimony in a misconduct hearing against a prisoner can sustain a substantive due process claim. *See e.g. Chancellor v. City of Detroit*, 454 F.Supp.2d 645, 659 (E.D. Mich. 2006) (Noting that the Supreme Court held in *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), that "'perjured testimony knowingly used by the state authorities to sustain [defendant's] conviction' and 'deliberate suppression by these same authorities of evidence favorable to him' violates the Constitution."); *Robinson v. Unknown Schertz*, 2007 WL 4454293, *1 (W.D. Mich. 2007) (The plaintiff stated a substantive due process claim by alleging that the defendant attempted to frame him by filing a false misconduct report where the plaintiff also alleged that the false charges subjected him to the possibility of loss of liberty through segregation and loss of good-time credits); *Scott v. Churchill*,

---

[1] Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting, 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record. Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language changes have not changed the standard itself. *Id.* ("The standard for granting summary judgment remains unchanged.").

377 F.3d 565 (6th Cir. 2004) (providing false testimony against a prisoner violated substantive due process); *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988) (The Court concluded that the plaintiff's allegations-that the defendants maliciously framed him for an offense, thereby subjecting him to a risk of prolonged incarceration resulting from the loss of good-time credits-demonstrated an egregious abuse of governmental power sufficient to support a substantive due process violation."). In this case, however, defendants argue that *Scott v. Harris*, 550 U.S. 372 (2007) controls and that a rational trier of fact, after reviewing the record before it would not conclude that any of defendants violated plaintiff's substantive due process rights. In *Scott*, the Supreme Court held that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *See also Dunn v. Matatall*, 549 F.3d 348, 353 (6th Cir. 2008) (explaining that *Scott* "instructs us to determine as a matter of law whether the events depicted on [a] video, taken in the light most favorable to [the nonmoving party], show that the Officers' conduct was objectively reasonable."). Thus, where claimed "material issues of fact" are plainly contradicted by the video evidence of events in question, summary judgment may be granted in favor of defendants. *See e.g., Griffin v. Hardrick*, 604 F.3d 949, 955-56 (6th Cir. 2010).

Defendant contends that, reading the hearing report (Dkt. 13, Ex. 1-B), in conjunction with the video in this matter (Dkt. 50, Ex. A) filed under a stipulated protective order to seal provides ample basis to grant defendants' motion for summary judgment based on the precedent set by *Scott*. The video in this matter depicts an inmate sneaking behind a pillar in the food service area that is adjacent to a set of windows. The individual then disappears for what seems to be a long period of time. Meanwhile, while the individual is absent from the room, other individuals are seen on the video moving tables in a manner that obscures the officer in charge of food service's view from the windows. This individual seen disappearing at the windows is identified by Corrections Officer (C/O) Winters, who is not a defendant in this case, as plaintiff Cannon. (Dkt. 50, Ex. B) (Affidavit of C/O Winters); (Dkt. 50, Ex. C) (Affidavit of Defendant Bernstein). C/O Winters attests that although she was asked to view the video and identify the individuals on camera, no one coerced her into making a false identification or altering her testimony in any way from what she knew to be true. As indicated in the hearing report of the incident, it was the hearing officer's conclusion, based on detailed evidence, staff statements, etc. that plaintiff climbed out of a window in food service that had been forced open, (Dkt. 50, Ex. D) (Excerpts from Critical incident report), accessed the visiting room yard, threw a string of sheets onto the fence and then attempted unsuccessfully to climb over the wall to exit the facility.

According to defendants, there is a period of time where plaintiff's whereabouts are unaccounted for, as seen in the critical incident reports. Plaintiff was also found to be in possession of paper money, which prisoners are not allowed to possess within prison walls. Further, officers who investigated the environs outside of the food service area noticed that two of the windows had been tampered with and that footprints in the snow showed a path between the area under the broken window and the fence where a makeshift rope was found.

According to defendants, plaintiff has put forward no theory or rationale as to why plaintiff believes that numerous staff members in two different correctional facilities would have any reason to falsify evidence against him. Defendants also point out that it appears from the critical incident reports that this was a situation that unfolded very quickly and required the effort of many staff members to investigate and draw conclusions. Under such circumstances, defendants suggest, it seems extremely unlikely that all of the individuals listed in the incident reports were lying or were somehow coerced into falsifying documents for no apparent reason. Thus, defendants argue that they are entitled to summary judgment because a rational trier of fact, reviewing the record as a whole, including the video tape showing plaintiff disappearing through an area of windows, reports finding torn window screens in the food service area and a footprint path leading from below those windows to a makeshift rope on the facilities perimeter fence, reports

detailing a period of time where plaintiff is unaccounted for and then later found in possession of paper money, would not find for plaintiff in this matter.

Plaintiff argues that the Sixth Circuit has adopted a narrow interpretation of Scott. *See Wells v. City of Dearborn Heights*, 2011 U.S. Dist. LEXIS 147348 *12 (E.D. Mich. 2011). Under *Scott*, a district court may consider video evidence on summary judgment, but must still view "the events depicted in the video ... in the light most favorable to" the non-moving party. *Dunn v. Matatall*, 549 F.3d 348, 353 (6th Cir. 2008); *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011) ("Facts that are not blatantly contradicted by the audio recording remain entitled to an interpretation most favorable to the non-moving party."). Plaintiff contends that this case is nothing like *Scott* because the video neither blatantly contradicts nor entirely discredits plaintiffs version of the events. In fact, plaintiff argues, the video, by itself, does not implicate plaintiff in any way. The video shows a prisoner dressed in a white jumpsuit and white hair net walk behind a pillar in the far end of the room. Then, about 30 minutes later a table that was in front of the pillar is moved (presumably by an unseen individual) to the other corner of the room, outside of the view of the camera. Eventually, two individuals re-appear from that corner of the room. But, plaintiff asserts that there is no way to determine which of them, or if either of them, was the one who moved the table away from the pillar. Contrary to defendants' arguments, plaintiff argues that the

video here is entirely consistent with plaintiff's version of the facts. Plaintiff does not dispute that defendants found some evidence that someone tried to escape. Plaintiff claims, however, that it was not he who tried to escape. And he claims that defendants, in their zeal to find the culprit and avoid appearing incompetent, picked him as a convenient target, filled in the gaps with fabricated evidence, and concealed evidence that would exonerate plaintiff.

According to plaintiff, there is absolutely nothing in the video that contradicts or discredits plaintiff's version of the facts. Plaintiff points out that the only way that he is even connected with the alleged escape attempt is that Officer Winters identified him from the video. However, Winters' identification of plaintiff is contradicted by plaintiff's own affidavit and the affidavit of prisoner Kennedy, which both deny that plaintiff was a part of any escape attempt. (Dkt. 59, Ex. A, B). Thus, plaintiff contends that Winters' identification of plaintiff in the video is a question of weight and credibility that cannot be resolved on summary judgment. *See Coble*, 634 F.3d at 870 ("We allow cases to proceed to trial even though a party's evidence is inconsistent, because in reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited."). In other words, according to plaintiff, the identification of plaintiff in the video is a pure question of fact that can only be resolved at trial.

In the view of the undersigned, after reviewing the video, the *Scott* case is

not controlling. The video, by itself, does not "blatantly contradict" the claimed questions of fact. Rather, in making their argument under *Scott*, defendants have put together a host of circumstantial evidence against plaintiff, which includes, but most certainly is not limited, to the video. However, plaintiff, through the affidavits presented, has created an issue of fact regarding whether falsified evidence or testimony was presented to the hearing officer. At this stage of the proceedings, the undersigned can only conclude that the credibility of the witness testimony involves material questions of fact. This is simply not a case that can be dismissed on the basis of the *Scott* doctrine and this motion for summary judgment should be denied in this regard. As noted above, this motion for summary judgment was filed before the parties have had the opportunity to conduct discovery.

    C.    <u>Qualified Immunity</u>

Defendants' qualified immunity claim fails for the same reason as above. Defendants' argument is based on their claim that no rational jury could conclude that they committed a clearly established constitutional violation. For the same reasons set forth above, there are questions of fact that must be resolved by a jury. Thus, the motion for summary judgment should be denied on this basis.

    D.    <u>Eleventh Amendment Immunity</u>

Technically, Rule 12(b)(1) is applicable because the Court's subject matter

11

Report and Recommendation
Motion for Summary Judgment
*Cannon v. Bernstein*; Case No. 09-14058

jurisdiction is at issue. *See e.g. Mixon v. State of Ohio*, 193 F.3d 389 (6th Cir. 1999) (Court treated Eleventh Amendment immunity challenge as issue of subject matter jurisdiction). However, where the moving party makes a facial attack based on subject matter jurisdiction, the standard is essentially the same as that under Rule 12(b)(6) and (c). *Uttilla v. City of Memphis*, 40 F.Supp.2d 968 (W.D. Tenn. 1999), citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990) (referring to the standard of review for Rule 12(b)(1) facial attacks as similar to that employed under 12(b)(6) motions to dismiss). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, a district court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Id.* Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and

satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at 598. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

Although the Eleventh Amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *Fleming v. Michigan*, 2010 WL 931925, *6 (E.D. Mich. 2010), citing *Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion). Notably, "[t]here are ... three qualified exceptions to Eleventh Amendment immunity [.]" *Lawson v. Shelby County, TN*, 211 F.3d 331, 334 (6th Cir. 2000). "First, a state may waive the protection of the Amendment by consenting to the suit." *Id.*, 211 F.3d at 334. "The second exception to the Eleventh Amendment bar is that Congress, under certain provisions of the Constitution, may abrogate the sovereign immunity of the states through statute." *Id.* "Under the third exception, a federal court may enjoin a 'state official' from violating federal law." *Id.* at 335, citing *Ex parte Young*, 209 U.S. 123 (1908).

In this case, plaintiff argues that he is seeking injunctive and declaratory relief, so his claims against defendants in their official capacities are not barred by

the Eleventh Amendment.  Plaintiff seeks an order of this Court dismissing the disciplinary report, ordering his release from disciplinary confinement, returning him to his prior security level, and expungement of his disciplinary file.  While plaintiff's damages claims against defendants in their official capacity would be barred, these other claims for relief are not barred by the Eleventh Amendment.  Thus, to the extent that plaintiff's complaint seeks money damages against defendants in their official capacities, the motion should be granted.  Otherwise, the motion should be denied.

    E.    <u>Judicial Immunity</u>

Michigan prison hearing officers are entitled to absolute judicial immunity from suit for money damages for actions taken in their capacities as hearing officers. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir.1988).  In that case, the Sixth Circuit held that prison hearings officers who meet the requirements of Mich. Comp. Laws § 791.251 *et seq*. (i.e. full-time judicial officers with special delineated powers and duties and who are not subordinate to the warden or prison officials) are entitled to absolute immunity with respect to judicial actions. *Id*. at 230.  According to plaintiff, defendants failed to establish that defendant Szappan qualifies for immunity under *Shelly*.  Plaintiff points out that the party seeking the benefit of a claim of absolute immunity has the burden of establishing it.  *Howell v. Sanders*, 668 F.3d 344, 350 (6th Cir. 2012).  Other than referring to defendant

Szappan in their brief as a "hearing officer," plaintiff says that defendants have offered no evidence that he is, in fact a hearing officer who meets the specific requirements for immunity as described in *Shelly*. Thus, absent such a showing, plaintiff contends that defendants have not met their burden of establishing a right to absolute immunity. *See Dyer v. Hardwick*, 2012 U.S. Dist. LEXIS 119704 *84 (E.D. Mich. 2012) (recommending denial of summary judgment on absolute immunity grounds where defendant hearing officer failed to present evidence that he met the requirements of Mich. Comp. Laws § 791.251 *et seq*.).

In reply, defendants have produced an affidavit supporting their claim that defendant Szappan's qualifies as a hearing officer. According to his affidavit, Szappan is a licensed attorney and is employed by the State of Michigan's Licensing and Regulatory Affairs Department as an Administrative Law Judge and was so employed in 2009 when he presided over defendant's misconduct hearing. (Dkt. 60-3). He also attests that he was not employed by MDOC, although he primarily heard cases involving MDOC. He also attests that he performed his job duties in accordance with Mich. Comp. Laws § 791.252. (Dkt. 60-3).

In the view of the undersigned, defendants have met their burden of establishing that Szappan is a hearing officer entitled to absolute immunity. Plaintiff did not argue that Szappan is somehow not entitled to immunity because he was presented with falsified evidence. The undersigned concludes that the

affidavit is sufficient and that defendant Szappan is entitled to judicial immunity under *Shelly*. Therefore, the motion should be granted as to defendant Szappan.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED IN PART** and **DENIED IN PART**. Specifically, defendant Szappan should be **DISMISSED** from this case entirely and any claims for money damages against the remaining defendants in their official capacities should also be **DISMISSED**. The undersigned finds material questions of fact as to the remaining issues raised in defendants' motion for summary judgment.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 1, 2013                     s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on <u>April 1, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Matthew J. Bredeweg and Cori E. Barkman.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov