UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL CANNON,

      Plaintiff,

                                      Case No. 09-14058

v.

                                   HONORABLE DENISE PAGE HOOD

FRANK BERNSTEIN, *et al.*,

      Defendants.

                             /

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT 50]

      This matter is before the Court on Magistrate Judge Hluchaniuk's Report and Recommendation dated April 1, 2013. Defendants timely filed objections to the Magistrate Judge's Report and Recommendation. For the reasons stated below, the Court orders that Defendants' Motion for Summary Judgment be GRANTED IN PART AND DENIED IN PART.

**I.    BACKGROUND**

      The Court adopts the Magistrate Judge's factual history as follows:

According to plaintiff's complaint, pursuant to a notice of intent, plaintiff and two other prisoners were placed in administrative segregation while at the Thumb Correctional Facility on December 24, 2008, while an attempt to escape the facility was investigated. (Dkt. 1). The three prisoners were transferred to the Standish Correctional Facility on December 29, 2008. Plaintiff claims that the disciplinary report prepared by defendant Frank Bernstein falsely

alleged that evidence linked plaintiff to the attempt to escape. Plaintiff alleges that Bernstein submitted additional false reports, hid exculpatory evidence, and intimidated witnesses into not making statements. As a result of the disciplinary report, plaintiff was kept in disciplinary confinement pending the outcome of a hearing.

Plaintiff alleges that defendant Conachan, the hearings investigator, intentionally helped to conceal exculpatory evidence, failed to collect statements from material witnesses, and refused to present plaintiff's material questions from key witnesses. Plaintiff alleges that defendant Peiffer forged and falsified information in the report, which resulted in an unlawful disciplinary proceeding. Plaintiff also alleges that, defendant Szappan, the hearings officer, found him guilty of the charged offense of escaping, in spite of the "irrefutable proof" that the allegations were false. Plaintiff accuses Szappan of knowingly using false evidence to support a guilty finding. Plaintiff also accuses Szappan of being biased because he was a "party to the fraud" that denied plaintiff procedural due process. Finally plaintiff claims that he was denied the due process because he was not allowed the opportunity to defend himself at the hearing. (Dkt. 1).

One of the Plaintiff's main allegations is that he was disciplined because of a fabricated security video showing him attempting to escape. After the Defendants' Motion for Summary Judgment, the Plaintiff had the opportunity to view the previously undisclosed videotape and subsequently submitted his Response to Defendants' Motion for Summary Judgment. The Plaintiff brought this claim under 42 U.S.C. § 1983 seeking the following relief: (1) declaratory judgment, including reinstatement to previous confinement and expungement of the major misconduct from his record; (2) compensatory and punitive damages; and (3) injunction.

## II.  STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  § 636(b)(1)(C).  The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*

In order to preserve the right to appeal, a party must file objections to the Report and Recommendation within fourteen days of service of a copy, as provided in 28 U.S.C. § 636(b)(1) and E.D. Mich. L.R. 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The Court is not required to review portions of a Report and Recommendation to which no objections are made.  *Thomas v. Arn*, *supra*.  Defendants filed timely objections to the Magistrate Judge's recommendation on April 15, 2013.

## III.  ANALYSIS

The Magistrate Judge made four recommendations:  (1) summary judgment for the substantive due process claim should be denied because the security video does not blatantly contradict the Plaintiff's claim of innocence, and the Plaintiff

has created an issue of fact as to the truth or falsity of other evidence or testimony; (2) qualified immunity should also be denied because it depends on the same issue of fact; (3) Eleventh Amendment immunity only disposes of the portion of Plaintiff's claims that seeks damages; and (4) judicial immunity is appropriate for Defendant Szappan because of his position as a hearings officer.

As a threshold issue, the Court must reiterate the allegations of the Plaintiff's claim. Although the Plaintiff implicitly contends that there was no evidence to sustain his major misconduct conviction, this is not the crux of his complaint. Instead, the Plaintiff alleges that the Defendants falsified evidence and failed to present, and otherwise hindered the use of, exculpatory evidence. The Court stresses the fine line between the sufficiency of the evidence and the manner in which it was developed and utilized. It is with this important distinction in mind that the Court addresses the Magistrate's Report and Recommendation.

### A. <u>Substantive Due Process</u>

The Court completely agrees with the Magistrate Judge that *Scott v. Harris*, 550 U.S. 372 (2007), is not applicable to our case. In *Scott*, the Court held that summary judgment is appropriate if the record blatantly contradicts the nonmoving party's version of events. However, the circumstances in that case were very different from the instant case. The moving party, a pursuing deputy, was being sued by a fleeing suspect who sustained injuries during a car chase. The suspect

claimed that he was driving cautiously, but a videotape clearly showed that he engaged in a "Hollywood-style car chase of the most frightening sort." *Id.* at 380. The videotape clearly contradicted the suspect's version of events because the true nature of his driving style was readily apparent from the tape. In our case, however, the Plaintiff does not dispute that *someone* attempted to escape from the prison. He only disputes in his Response to Motion for Summary Judgment that it was *him*. It is not apparent from the tape that the Plaintiff is the escapee, and the Defendants do not allege that there were any unique distinguishing characteristics (e.g. tattoos, scars) that positively identified the Plaintiff as the individual on the tape. Only when the escapee was identified by Corrections Officer Winters did the combined evidence (testimony plus video) purport to establish the Plaintiff as the escapee. Therefore, the evidence on record does not blatantly contradict the Plaintiff's version of events because it is based in part on the testimony of Officer Winters.

Because Plaintiff — by his affidavit and the affidavit of another prisoner — has established a genuine issue of material fact as to whether he is the escapee shown in the video, Defendants' Motion for Summary Judgment is granted in part, only to the extent that disclosure of the videotape negates the parts of Plaintiff's complaint alleging that the Defendants based his conviction on a fabricated videotape or fabricated the existence of the tape.

5

## B. Qualified Immunity

The Court agrees with the Magistrate Judge regarding the Defendants' claim of qualified immunity. If the applicable law is clearly established at the time of the alleged violation, the defense of qualified immunity should fail because a reasonably competent state officer is presumed to know the law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982). The applicable law in this case is 42 U.S.C. § 1983, which has long been in existence. The existence of qualified immunity clearly depends on a question of fact — whether the Defendants violated a clearly established constitutional right by allegedly falsifying evidence and suppressing exculpatory evidence. Therefore, the Defendants' Motion for Summary Judgment is denied as to qualified immunity.

## C. Eleventh Amendment Immunity

The Eleventh Amendment applies to suits against a state by a citizen of that state. *Hans v. Louisiana*, 134 U.S. 1, 21 (1890). Because 42 U.S.C. § 1983 does not expressly abrogate state immunity, the Eleventh Amendment continues to apply to § 1983 actions. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). As the Magistrate Judge correctly concludes, the Plaintiff is not entitled to damages from the Defendants in their official capacity, which fulfills the Eleventh Amendment's traditional purpose. *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464 (1945).

6

When the law under which the plaintiff brings the claim is federal law, the courts must balance the need to vindicate federal rights with the constitutional immunity of the states. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Determining the importance of the federal right, the courts must determine whether the plaintiff seeks a retroactive or prospective remedy. *Id.* A retroactive remedy cannot be granted because doing so would completely nullify a state's constitutional immunity. *Id.* at 105. In this case, the Plaintiff seeks a declaratory judgment that is wholly retroactive: he seeks to be restored to the position he was in before the disciplinary judgment i.e. reversal of his disciplinary judgment and erasure of it from his record. The only prospective nature of Plaintiff's declaratory prayer for relief is that it might increase the severity of future disciplinary judgments. But the Plaintiff has availed himself of the full state statutory review procedure that is in place precisely to evaluate the procedures of which he complains. To allow this Court to undertake what is essentially a second review of Plaintiff's state disciplinary judgment would clearly infringe upon state immunity. As to Plaintiff's prayer for injunctive relief, that federal right is wholly prospective. If he can show that he will again be subjected to improper disciplinary hearing procedures that violate his constitutional due process rights, his federal rights may be important enough to set aside state immunity. Therefore, the Defendants' Motion for Summary Judgment is granted in part, only to the

extent that damages and declaratory relief are barred by Eleventh Amendment Immunity.

### D. Judicial Immunity

Whether absolute judicial immunity can apply to a prison hearing officer depends on several factors: (1) whether he is a professional hearing officer or merely a prison employee subordinate to the warden; (2) he is employed by an entity separate from the prison; (3) his adjudicatory duties are enumerated in statute; (4) his decisions must be in writing and include findings of fact and the underlying evidence; and (5) a conviction may be reviewed through rehearing or judicial review. *Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988) (per curiam). In this case, Defendant Szappan is employed by the State of Michigan's Licensing and Regulatory Affairs Department, not the Michigan Department of Corrections, as an Administrative Law Judge. His duties are governed by Michigan statute, which states that his decision must be in writing and include findings of fact. Mich. Comp. Laws § 791.252(k). The statute provides for both rehearing and judicial review. § 791.255. Therefore, absolute judicial immunity can apply to Defendant Szappan.

Whether Defendant Szappan is actually entitled to absolute judicial immunity also depends on whether he acted within the scope of his authority. Adjudicatory officers who act within the scope of their authority and are subject to

adequate regulation are entitled to absolute immunity. *Butz v. Economou*, 438 U.S. 478, 514 (1978). In this case, Defendant Szappan has clearly acted within the scope of his authority. The only factual allegations alleged by the Plaintiff (as opposed to legal conclusions) are the following: (1) Defendant Szappan lied about having evidence that inculpated the Plaintiff in the charged misconduct (i.e. the video); and (2) Defendant Szappan suppressed any exculpatory evidence requested by the Plaintiff during the hearing. The first factual allegation is negated by the fact that the Plaintiff has had the opportunity to view the previously undisclosed videotape. The second factual allegation is addressed by the statute that governs Defendant Szappan's duties. Under Mich. Comp. Laws § 791.252, a hearing officer "may refuse to present the prisoner's questions to the witness or witnesses." § 791.252(e). Under the statute, a hearing officer "may deny access to the evidence to a party if the hearings officer determines that access may be dangerous to a witness or disruptive of normal prison operations." § 791.252(h). Because Defendant Szappan was afforded this discretion regarding exculpatory evidence requested by the Plaintiff, he could not have acted outside the scope of his authority based on the alleged misconduct. Aside from the scope of authority, Defendant Szappan was subject to adequate regulation. He worked "under the direction and supervision of the hearings division," § 791.251(6), which in turn was "under the direction and supervision of the hearings administrator who is

9

appointed by the director of the department," § 791.251(1). Therefore, Defendants' Motion for Summary Judgment is granted as to absolute immunity for Defendant Szappan.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Hluchaniuk [Docket No. 62, filed on April 1, 2013] is ADOPTED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [Docket No. 50, filed on November 9, 2012] is:

(1) GRANTED IN PART, as to the alleged violation of due process by fabricating a videotape or using such a videotape, AND OTHERWISE DENIED as to all other alleged violations of due process;

(2) DENIED as to qualified immunity;

(3) GRANTED IN PART, as to prayer for damages and declaratory relief barred by Eleventh Amendment immunity, AND DENIED as to prayer for injunctive relief; and

(4) GRANTED as to judicial immunity for Defendant Szappan. Defendant Michael Szappen is DISMISSED with prejudice from this action.

IT IS FURTHER ORDERED that the Magistrate Judge submit a status report of the case to the Court within 30 days from this date so that a Final Pretrial Conference may be set by the Court if the matter is prepared for trial.

IT IS SO ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2013