UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL CANNON,

      Plaintiff,

Case No. 09-14058

v.

HONORABLE DENISE PAGE HOOD

FRANK BERNSTEIN, *et al*,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S SEPTEMBER 30, 2013, ORDER [#71]

This matter is before the Court is Defendants' Motion to Reconsider this Court's September 30, 2013, Order Accepting the Magistrate Judge's Report and Recommendation and Granting in Part and Denying in Part the Defendants' Motion for Summary Judgment.  **[Docket No. 71, filed October 7, 2013]**  In this Court's Order, in determined that: (1) Defendants' Motion for Summary Judgment **[Docket No. 50, filed on November 9, 2012]** was granted as it related to Plaintiff's alleged violation of due process by fabricating a videotape or using such a videotape and denied as to all other alleged violations of due process; (2) denied as to qualified immunity; (3) granted as to Plaintiff's prayer for damages and declaratory relief barred by Eleventh Amendment immunity, (4) denied as to Plaintiff's prayer for injunctive relief; and (4) granted as to judicial immunity for Defendant Szappan.

Defendant Szappan does not object to the portion of this Court's Order, which dismissed him from the case. Defendants argue that in light of Sixth Circuit Court of Appeals case *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013), and review of the whole record in this case, the Magistrate Judge should have recommended that all Defendants receive summary judgment. Defendants also contend that they are also entitled to qualified immunity for the reason that, based on the above, Plaintiff has failed to demonstrate a constitutional violation. Defendants move this Court to decline to adopt the portion of the Report and Recommendation that finds otherwise.

For the reasons discussed below, the Defendants' Motion for Reconsideration of this Court's September 30, Order is **DENIED**.

## I. BACKGROUND

The Court restates its adopted factual history as follows:

According to plaintiff's complaint, pursuant to a notice of intent, plaintiff and two other prisoners were placed in administrative segregation while at the Thumb Correctional Facility on December 24, 2008, while an attempt to escape the facility was investigated. (Dkt. 1). The three prisoners were transferred to the Standish Correctional Facility on December 29, 2008. Plaintiff claims that the disciplinary report prepared by defendant Frank Bernstein falsely alleged that evidence linked plaintiff to the attempt to escape. Plaintiff alleges that Bernstein submitted additional false reports, hid exculpatory evidence, and intimidated witnesses into not making statements. As a result of the disciplinary report, plaintiff was kept in disciplinary confinement pending the outcome of a hearing.

Plaintiff alleges that defendant Conachan, the hearings investigator, intentionally helped to conceal exculpatory evidence, failed to collect

statements from material witnesses, and refused to present plaintiff's material questions from key witnesses. Plaintiff alleges that defendant Peiffer forged and falsified information in the report, which resulted in an unlawful disciplinary proceeding. Plaintiff also alleges that, defendant Szappan, the hearings officer, found him guilty of the charged offense of escaping, in spite of the "irrefutable proof" that the allegations were false. Plaintiff accuses Szappan of knowingly using false evidence to support a guilty finding. Plaintiff also accuses Szappan of being biased because he was a "party to the fraud" that denied plaintiff procedural due process. Finally plaintiff claims that he was denied the due process because he was not allowed the opportunity to defend himself at the hearing. (Dkt. 1).

## II.     STANDARD OF REVIEW

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of judgment. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). Rule 7.1(h)(3) provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." The Court may grant a motion for reconsideration if the movant shows that the Court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). "The movant must not only demonstrate a palpable defect . . . but also show that correcting the defect will result in a different disposition of the case." E. D. Mich. L.R. 7.1(h)(3).

## III.   ANALYSIS

As a threshold matter, the Court again reiterates the allegations of the Plaintiff's claim.  Though Plaintiff implicitly contends that there was no evidence to sustain his major misconduct conviction, as this Court read Plaintiff's Complaint, Plaintiff alleges that the Defendants falsified evidence and failed to present, and otherwise hindered the use of, exculpatory evidence during his hearing.  The Court again stresses the fine line between the sufficiency of the evidence and the manner in which it was developed and utilized.  It was—and is again—with this important distinction in mind that the Court readdresses the Magistrate's Report and Recommendation and Defendants' reconsideration argument.

Defendants, relying on *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013), argue that the Magistrate Judge should have recommended that all Defendants be granted summary judgment and were also entitled to qualified immunity because Plaintiff failed to demonstrate a constitutional violation.  In *Peterson*, a Michigan prisoner brought a § 1983 action against prison officers for an officer's alleged use of excessive force.  The Plaintiff was charged with the major misconduct of committing an assault and battery, for grabbing an Officer's arm and pulling it into his cell. The Plaintiff denied grabbing the Officer's hand.  Neither the Plaintiff nor Defendants (there were two officers involved in the incident) denied the physical confrontation that began when the officers were attempting to put Plaintiff back into his cell.  The

Plaintiff, however, contended that during the confrontation, the officers used excessive force in attempting to subdue him and put him back into his cell. A hearing was held on the issue and the hearing officer found that the Plaintiff grabbed the Officer's right hand and pulled the Officer's hand into the cell door as it was closing. The hearing officer further determined that the Officer would not have voluntarily placed his hand in a position where the cell door could have closed on it. The hearing officer sentenced plaintiff to 30 days of detention. Peterson subsequently filed a Complaint and Defendants filed a motion for summary judgment. In the report and recommendation ruling on the Defendants' motion for summary judgment, the Magistrate Judge stated:

> Plaintiff alleges defendant Johnson "retaliated" against him in violation of his First Amendment rights by filing three major misconduct charges against plaintiff: (1) on June 23, 2006, for possession of dangerous contraband; (2) on November 13, 2006, for disobeying a direct order; and (3) on December 17, 2006, for an assault and battery. Hearing officers found plaintiff guilty of all three major misconduct charges, and none of the convictions have been overturned. Further, plaintiff alleges that Johnson's failure to take him to the typing room on June 15, 17, and 21, 2006, the lack of towels in his cell and a missed meal on December 13, 2006, and an affidavit that went missing after plaintiff returned from the shower on December 17, 2006, all constituted retaliation. Plaintiff alleges that on December 17, 2006, defendants Johnson and Lindy used excessive force in subduing him in violation of his Eighth Amendment rights.

*Peterson v. Johnson*, 1:09-CV-225, 2011 WL 1627924, at *1 (W.D. Mich. Mar. 28, 2011). The Magistrate Judge recommended that all of the Plaintiff's claims against the Defendants in their official capacities were dismissed with prejudice because they were barred by Eleventh Amendment immunity. The Magistrate Judge also recommended that the Defendants' motion for summary judgment be grated and that judgment be entered in the Defendants' favor on all of the Plaintiff's federal claims. The District Court accepted these recommendations. *See Peterson v. Johnson*, 1:09-CV-225, 2011 WL 1627901 (W.D. Mich. Apr. 28, 2011). The prisoner appealed.

In denying the prisoner's appeal and affirming the District Court's grant of summary judgment, the Sixth Circuit Court majority[1] stated that ordinarily, the summary judgment standard of review would have required reversing the judgment below due to the disputes of fact regarding "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." The appeals court noted, however, that this was "not an ordinary case" that came to the court on a "comparatively blank slate" but rather one that came "after an agency had issued a final determination on precisely the disputed factual matter on which this case turns and has done so in an adjudicative setting where the parties had the incentive to, and in fact did, vigorously assert their contradicting positions." The

---

[1] The Court notes that Circuit Judge Bernice B. Donald filed a dissenting opinion.

appeals court also considered that the case did not come to it on direct review, but in a "collateral proceeding that seeks to wholly set aside the agency's prior factual finding."

The Sixth Circuit opinion ultimately held that "the hearing officer's factual finding that Peterson was the one who grabbed [the Officer's] hand preclude[d] a contrary finding in federal court." *Peterson*, 714 F.3d at 917. Turning to the substance of the motion before it, the Sixth Circuit court further stated that "the question then becomes whether, *on the facts of this case*, a reasonable jury could find that [the Officer's] brief struggle to free his hand and then return Peterson to his cell was a malicious and sadistic use of excessive force." *Id.* at 917-18 (citing *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (recognizing that summary judgment is appropriate if "the evidence is such that a reasonable jury could [not] return a verdict for the plaintiff")). Finding that a reasonable jury could not, the Sixth Circuit affirmed the District Court's ruling.

The Sixth Circuit in its decision to affirm the District Court limited its finding of preclusion to the "facts of [that] case." Further, the Sixth Circuit noted that its holding included "only factual issues decided by a state agency" and stressed that "[h]ad the hearing officer purported to make a legal conclusion regarding Peterson's federal constitutional rights, [the] analysis would necessarily be different and [the

court] could not likely be so deferential." Lastly, the Court notes the dissent written by Judge Donald. In the dissent, Judge Donald stated, in relevant part,

> I believe that this case presents an instance in which granting preclusive effect to the hearing officer's finding of fact as it relates to Peterson's assault on Officer Johnson is not dispositive of Peterson's subsequent § 1983 excessive force claim. The majority's determination that this fact is indeed dispositive is the sole reason it would not succumb to our standard of review and reverse the judgment below. Because I would find differently and believe there remains a genuine issue of material fact regarding whether the degree of force used against Peterson was excessive, I would reverse the district court's grant of summary judgment to the Defendants.

*Peterson v. Johnson*, 714 F.3d 905, 920 (2013) (Donald, J., dissenting).[2]

Here, the Court is unpersuaded that on the facts of this case, the *Peterson* decision requires summary judgment relief be granted to Defendants. The Court is satisfied, as Defendants have argued, that Plaintiff had a hearing before a hearings officer. As exhibited in the Order Affirming Agency Decision **[Docket No. 60, Ex. 1]**, Judge Giddings of the Thirtieth Judicial Circuit Court For Ingham County did

---

[2] The majority noted the dissent's belief that "even if the factual question of who grabbed whose hand is not subject to further dispute, sufficient issues of material fact still remain that preclude summary judgment." However, the majority held that "with the hand-grabbing question having been conclusively settled by the hearing officer's factual finding, Peterson's remaining factual allegations [were] *insufficient to present an excessive force claim that can survive summary judgment*." *Peterson*, 714 F.3d at 918, n1. The majority determined that "the fact that the factual finding here was originally made in the context of one legal claim (i.e., assault and battery) does not negate the preclusive effect of that same factual finding in the context of other legal claims (e.g., excessive force)."

affirm the hearing officer's decision. However, Judge Giddings stated that "[t]he agency's finding of *major misconduct* is supported by competent, material and substantial evidence on the whole record." **[Docket No. 13, Pg ID 51]**

Plaintiff's Complaint before this Court alleged that the disciplinary report prepared by Defendant Frank Bernstein falsely alleged that evidence linked Plaintiff to the attempt to escape. More importantly, Plaintiff also alleged that Defendants submitted additional false reports, hid exculpatory evidence, and intimidated witnesses into not making statements. Plaintiff contended that as a result of the disciplinary report, he was kept in disciplinary confinement pending the outcome of a hearing. As Defendants argue, the hearings officer determined that Plaintiff was guilty of having committed major misconduct and that determination was affirmed by the Circuit Judge. However, Defendants do not allege that the hearings officer or the Circuit Court Judge made a determination whether Defendants in fact submitted false reports, hid exculpatory evidence, or intimidated witnesses. If this was in fact the case, the record before both the hearings officer and subsequently before the Circuit Judge was incomplete; the same constitutional violation Plaintiff claims in this case. The findings of fact made by the hearings officer, that Plaintiff committed major misconduct by essentially attempting to escape the prison, says nothing about Plaintiff's claim that there was evidence that, if placed before the hearings officer, could have changed his determination.

As stated in the report and recommendation, it is well-established that offering false evidence or perjured testimony in a misconduct hearing against a prisoner can sustain a substantive due process claim. *See e.g. Chancellor v. City of Detroit*, 454 F. Supp. 2d 645, 659 (E.D. Mich. 2006) (noting that the Supreme Court held in *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), that "'perjured testimony knowingly used by the state authorities to sustain [defendant's] conviction' and 'deliberate suppression by these same authorities of evidence favorable to him' violates the Constitution."). The Court has noted that Plaintiff does not dispute that defendants found some evidence that someone tried to escape but that it was not he who tried to escape. The determination of the hearings officer, affirmed by the Circuit Court, was that it was in fact Plaintiff who tried to escape. However, Plaintiff's second contention, "that defendants, in their zeal to find the culprit and avoid appearing incompetent, picked him as a convenient target, filled in the gaps with fabricated evidence, and concealed evidence that would exonerate plaintiff," was not addressed. The Court still determines this question to be one of fact that was not yet addressed and not disposed of simply by finding that Plaintiff attempted to escape.

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary

judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Whether Defendants submitted false reports, hid exculpatory evidence, and intimidated witnesses into not making statements is a genuine dispute concerning material facts that go to the heart of Plaintiff's constitutional claim.

### IV. CONCLUSION

Though the Court grants Defendants' Motion for Reconsideration for a showing of "palpable defect" in the Court's failure to directly address *Peterson*, Defendants have failed to demonstrate, based on the Court's analysis above, "that correcting the defect will result in a different disposition of the case." E. D. Mich. L. R. 7.1(h)(3).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Reconsider this Court's September 30, 2013, Order **[Docket No. 71, filed October 7, 2013]** is **DENIED** .

**IT IS SO ORDERED**.

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

                                            S/LaShawn R. Saulsberry
                                            Case Manager