UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SAMUEL CANNON,**

      **Plaintiff,**

**v.**

Case No. 09-14058

Hon. Denise Page Hood

**FRANK BERNSTEIN,** *et al***,**

      **Defendants.**

_____/

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**</u>

This matter is before the Court on Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation on the Motion for Summary Judgment filed by Defendants Teresa Peiffer, Frank Bernstein, and Christopher Conachan **[Docket No. 85, filed February 4, 2015]**. Defendants timely filed Objections to the Magistrate Judge's Report and Recommendation and Plaintiff filed a Response to the Objections. For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety **[Docket No. 95, filed May 26, 2015]**. Defendants' Motion for Summary Judgment **[Docket No. 85, filed February 4, 2015]** is **DENIED**.

**I.    BACKGROUND**

The Court restates its adopted factual history as follows:

According to plaintiff's complaint, pursuant to a notice of intent, plaintiff and two other prisoners were placed in administrative

segregation while at the Thumb Correctional Facility on December 24, 2008, while an attempt to escape the facility was investigated. (Dkt. 1). The three prisoners were transferred to the Standish Correctional Facility on December 29, 2008. Plaintiff claims that the disciplinary report prepared by defendant Frank Bernstein falsely alleged that evidence linked plaintiff to the attempt to escape. Plaintiff alleges that Bernstein submitted additional false reports, hid exculpatory evidence, and intimidated witnesses into not making statements. As a result of the disciplinary report, plaintiff was kept in disciplinary confinement pending the outcome of a hearing.

Plaintiff alleges that defendant Conachan, the hearings investigator, intentionally helped to conceal exculpatory evidence, failed to collect statements from material witnesses, and refused to present plaintiff's material questions from key witnesses. Plaintiff alleges that defendant Peiffer forged and falsified information in the report, which resulted in an unlawful disciplinary proceeding. Plaintiff also alleges that, defendant Szappan, the hearings officer, found him guilty of the charged offense of escaping, in spite of the "irrefutable proof" that the allegations were false. Plaintiff accuses Szappan of knowingly using false evidence to support a guilty finding. Plaintiff also accuses Szappan of being biased because he was a "party to the fraud" that denied plaintiff procedural due process. Finally plaintiff claims that he was denied the due process because he was not allowed the opportunity to defend himself at the hearing. (Dkt. 1).

## II. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

In order to preserve the right to appeal, a party must file objections to the Report and Recommendation within fourteen days of service of a copy, as provided in 28 U.S.C. § 636(b)(1) and E.D. Mich. L.R. 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Court is not required to review portions of a Report and Recommendation to which no objections are made. *Thomas v. Arn*, *supra*. Defendants filed timely objections to the Magistrate Judge's recommendation on June 9, 2015.

### III. ANALYSIS

The Magistrate Judge made four recommendations: (1) qualified immunity should be denied because Plaintiff is not required to show he was subjected to longer incarceration as a result of the misconduct conviction for a substantive due process claim; and (2) *Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013), does not provide a basis for rejecting Plaintiff's substantive due process claim as barred by collateral estoppel because Plaintiff was not given the opportunity to vigorously contest the charges against him.

#### A. Qualified Immunity

The Court agrees with the Magistrate Judge regarding the Defendants' claim of qualified immunity. Plaintiff alleged a substantive due process claim alleging a

violation of his right to be free from a conviction. Contrary to Defendants' argument, Plaintiff is not required to show he was subjected to long incarceration as a result of the misconduct violation when the substantive due process claim is based on an allegation of falsified evidence or perjured testimony. *See Hirmuz v. City of Madison Heights*, 469 F. Supp. 2d 466, 483 (E.D. Mich. 2007) (Defendant is not entitled to qualified immunity on the claim that he fabricated a confession); *see also Thomas v. Russell*, 202 F.3d 270 (6th Cir. 2000) (unpublished opinion).

Defendants object to the Report and Recommendation, stating that it fails to address the argument that Plaintiff cannot demonstrate that Defendants maliciously framed him for an offense and caused him to be subjected to a risk of prolonged incarceration. Although the Magistrate Judge did not address the issue directly in the section on qualified immunity, the matter has already been addressed in the September 30, 2013, Order Accepting the Magistrate Judge's Report and Recommendation:

> The existence of qualified immunity clearly depends on a question of fact — whether the Defendants violated a clearly established constitutional right by allegedly falsifying evidence and suppressing exculpatory evidence. Therefore, the Defendants' Motion for Summary Judgment is denied as to qualified immunity.

**[Docket No. 67, filed September 30, 2013]**. This decision remains applicable to this case.

  B. Collateral Estoppel Under *Peterson*

4

The Court agrees with the Magistrate Judge that Defendants are not entitled to summary judgment pursuant to *Peterson*. In *Roberson v. Torres*, 770 F.3d 398 (6th Cir. 2014), the Court limited the application of *Peterson*. The *Roberson* court stated, in pertinent part,

> *Peterson* is not a blanket blessing on every factual finding in a major-misconduct hearing. Although the language of our opinion in *Peterson* is at times categorical, our decision to accord preclusive effect to particular findings from Peterson's prison hearing necessarily turned, at least in part, on the particular circumstances of Peterson's case. Indeed, the question of preclusion cannot be resolved categorically, as it turns on case-specific factual questions such as what issues were actually litigated and decided, and whether the party to be precluded had sufficient incentives to litigate those issues and a full and fair opportunity to do so—not just in theory, but in practice.

770 F.3d at 404-05.

The Court also agrees with the Magistrate Judge that Defendants have not shown that Plaintiff had a full and fair opportunity to litigate the issue, which is required in order to grant estoppel. *See id.* at 404, quoting *Peterson*, 714 F.3d at 914 (citations omitted). The Magistrate Judge listed several ways in which Plaintiff was prevented from having a full and fair opportunity to litigate his case, including claims that Plaintiff was prevented from obtaining video evidence and logbooks, Plaintiff was denied access to Corrections Officer Peggy Winters who was listed as witness and purportedly identify plaintiff on the video, and witness testimony that someone other than plaintiff attempted the escape was not presented to the hearing officer or Ingham Circuit Court Judge James Giddings.

5

Because Plaintiff was not given the opportunity to vigorously contest the charges against him, *Peterson* does not provide a basis for barring Plaintiff's substantive due process claims.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Hluchaniuk **[Docket No. 95, filed May 26, 2015]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment **[Docket No. 85, filed February 4, 2015]** is **DENIED**.

IT IS SO ORDERED.

                                                 S/Denise Page Hood
                                                 Denise Page Hood
                                                 United States District Judge

Dated: September 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2015, by electronic and/or ordinary mail.

                                                 S/LaShawn R. Saulsberry
                                                Case Manager